NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| COOPER HOSIERY MILLS, INC., | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 07-1939 (DMC) |
| HONEYWELL INTERNATIONAL, INC., | : | |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Honeywell International, Inc. ("Defendant") to dismiss Plaintiff Cooper Hosiery Mills, Inc.'s ("Plaintiff") claim pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P. 78, no oral argument was heard.  After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's FED. R. CIV. P. 12(b)(6) motion to dismiss is **granted**.

## I.    BACKGROUND

On December 14, 1995, Plaintiff purchased a GNS-XLS Flight Management System from Defendant for its private jet airplane. (Complaint ¶ 1.) Plaintiff claims that Defendant made misrepresentations in connection with the sale. (Complaint ¶ 25.) The Complaint, however, fails to identify what purported misleading statements Defendant made to Plaintiff before it purchased the flight management system.

According to the Complaint, Plaintiff's flight management system contained a Global Positioning System ("GPS") receiver that provided flight navigation capabilities for Plaintiff's aircraft. (Complaint ¶ 25.) The flight management system also offered additional features, including control over the plane's navigation sensors, computer-based flight planning and fuel management. (Complaint ¶ 25.) Plaintiff alleges that, when it purchased the flight management system in 1995, it was "common knowledge in the aviation industry" that the Federal Aviation Administration ("FAA") was in the process of developing a new – and more accurate – GPS navigation system. (Complaint ¶ 28.) The FAA, however, did not release the system until July 10, 2003 – nearly eight years after Plaintiff purchased the flight management system – when the FAA activated the Wide Area Augmentation System ("WAAS"). (Complaint ¶ 28, 33.) The FAA did not begin to approve GPS upgrades and units for use with the WAAS until several years after the WAAS's activation in 2003. (Complaint ¶ 28, 33.)

Plaintiff challenges some of the representations made in one of Defendant's product brochures regarding the flight management system's prospective capabilities and upgrades, including: "'And as the benefits of GPS become even more clearly defined, the GNS-XLS will continue to provide even more capability.'" (Complaint ¶ 27.) "'Since we are likely to see further GPS enhancements or applications approved in the next few years by aviation authorities worldwide, it is good to know that the modular GNS-XLS was designed to anticipate improvements in GPS precision.'" (Complaint ¶ 30.) "'[The flight management system's] growth potential is virtually unlimited, and it can accommodate new features without encroaching on your valuable panel and pedestal real estate. As more capabilities come on line, your system can be continually upgraded.'" (Complaint ¶ 31.)

While the Complaint acknowledges that the WAAS would not be developed and activated for many years, Plaintiff alleges that Defendant's representations were "designed so that the purchaser would reasonably conclude that the flight management system would be capable of being upgraded for use with the WAAS." (Complaint ¶ 30.) Ignoring the eight- to ten-year gap, the Complaint alleges that the representations "induce[d] Plaintiff and others to believe that the GNS-XLS Flight Management System would be compatible with the [WAAS]." (Complaint ¶ 3.) Plaintiff, however, does not claim that these alleged misrepresentations caused Plaintiff to purchase the flight management system in 1995. The Complaint contains no representation made by Defendant at the time of the 1995 sale that made any specific reference to the WAAS; it fails to allege that Plaintiff ever read or heard any of these alleged misrepresentations when it purchased the flight management system in 1995; it fails to allege that the offending product brochures played any role in Plaintiff's decision to purchase the flight management system; and it fails to identify which of Defendant's product brochures contained these alleged misrepresentations.

In September 2006, eleven years after Plaintiff purchased the flight management system, Defendant sent a notice to flight management system owners noting that "[d]ue to hardware limitations, the flight management system will be ineligible for upgrade to WAAS functionality." (Complaint ¶ 34.) Plaintiff does not allege that its flight management system is defective or functioned improperly, but rather Plaintiff alleges that the flight management system is not ungradable to the WAAS functionality.

## II.   STANDARD OF REVIEW: FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS

In deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) , all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In Bell Atl. Corp. v. Twombly, the Supreme Court clarified the FED. R. CIV. P. 12(b)(6) standard. See 127 S.Ct. 1955 (2007).  Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief."  Bell Atl. Corp., 127 S.Ct. at 1968 (citing Conley, 355 U.S. at 45-46).  Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp., 127 S.Ct. at 1965.

## III.   DISCUSSION

Plaintiff's Consumer Fraud Act claim is time-barred under the applicable six-year statute of limitations. See N.J.S.A. 2A:14-1; NN&R, Inc. v. One Beacon Ins. Group, 362 F. Supp. 2d 514, 521 (D. N.J. 2005). Plaintiff expressly raised the limitations issue in the Complaint, asserting that the "statute of limitations [period] has been tolled" through fraudulent concealment. (Complaint ¶ 12.) Plaintiff, however, has failed to plead any basis for tolling the

statute of limitations and, therefore, its claim will be dismissed on that ground. <u>See, e.g.</u>, <u>Denison v. Kelly</u>, 759 F. Supp. 199, 209 (M.D. Pa. 1991).

Plaintiff's Complaint fails to properly allege "the three factors necessary to forestall the running of the limitations statute by way of a fraudulent concealment allegation: (1) an affirmative act of concealment; (2) which misleads or relaxes the Plaintiff' inquiry, who (3) exercised due diligence in investigating his cause of action." <u>In re Lower Lake Erie Iron Ore Antitrust Litig.</u>, 998 F.2d 1144, 1178-79 (3d Cir. 1993). A concealment allegation involves fraud, so each of the preceding factors "is subject to the heightened pleading requirements of FED. R. CIV. P. 9(b)." <u>Davis v. Grusemeyer</u>, 996 F.2d 617, 624 n.13 (3d Cir. 1993).

Plaintiff's fraudulent concealment claim fails because Plaintiff has not pled any of the necessary factors. Plaintiff failed to allege any act of concealment by Defendant or how it could have been misled. <u>See id.</u> Likewise, the Complaint contains only an unsupported, conclusory allegation that Plaintiff exercised reasonable due diligence. (Complaint ¶ 12.) Because Plaintiff failed to plead any of the requisite elements of fraudulent concealment, Plaintiff's fraudulent concealment allegation is baseless. To evade the preclusive effect of the Consumer Fraud Act's six-year limitations period, Plaintiff defends itself with two assertions. First, Plaintiff asserts that it could not have discovered its alleged loss until 2006, when Defendant announced the flight management system's incompatibility with WAAS. Second, Plaintiff asserts that Defendant fraudulently concealed the incompatibility from Plaintiff and other consumers from 1995 until 2006. Both of these assertions, however, conflict with Plaintiff's allegations.

Plaintiff failed to plead a cognizable Consumer Fraud Act claim. A claim for fraud does not exist where an objective fact or injury was hidden from Plaintiff and then later "discovered." See Barry ex rel. Ross, 245 N.J. Super. at 309-10. Plaintiff's real allegation is that Defendant "promise[d]" to make the flight management system ungradable to WAAS, irrespective of when WAAS was released. (Opp. Brief ¶ 14.) Defendant allegedly broke this promise.

Therefore, Plaintiff's fraudulent concealment allegation is unfounded. Plaintiff has not sufficiently alleged any misrepresentations of fact that fraudulently concealed between 1995 and 2006, so at most, Plaintiff's claim is that Defendant promised, but failed to make the flight management system compatible with WAAS in the future. Because Plaintiff's claim is based on promises, and not factual statements capable of truth or falsity when made, it is not subject to the discovery rule. There was no fact for the Plaintiff to discover and it cannot be the subject of fraudulent concealment because there was no fact to conceal. Plaintiff's invocation of estoppel to toll the statute of limitations is similarly unavailing. Plaintiff failed to plead any basis for tolling, so its CFA claim must be dismissed under the applicable six-year statute of limitations. See N.J.S.A. 2A:14-1; NN&R, Inc., 362 F. Supp. 2d at 521.

Thus, the Complaint is dismissed as time-barred and this Court can dispense with Defendant's claims because Plaintiff failed to plead each element of a Consumer Fraud Act claim or that the Complaint fails to plead a Consumer Fraud claim with particularity.

**IV.**   C<small>ONCLUSION</small>

For the reasons stated, it is the finding of this Court that Defendant's F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6)

motion to dismiss is **granted**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:      November 1, 2007
Orig.:     Clerk
cc:        All Counsel of Record
           Hon. Claire C. Cecchi, U.S.M.J.
           File